COLUMBIA COTTON OIL COMPANY *v.* CHAFFIN.

4-4990

Opinion delivered March 28, 1938.

*J. L. Davis, Wade Kitchens* and *Wade Kitchens, Jr.,* for appellants.

*Marsh & Marsh,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment for $647.10 with 8 per cent. interest from September 10, 1936, until paid, rendered in the circuit court of Columbia county in favor of appellee, who was the administrator of

the estate of S. D. Chaffin, deceased, against appellants on a note executed by appellant, Columbia Cotton Oil Company, to S. D. Chaffin, for borrowed money, and which was indorsed by the other appellants, J. O. Hutcheson, J. W. Barrow, J. L. Davis, H. P. Carrington, C. R. Hutcheson, W. H. Warnock, T. H. Westbrook, Henry Rushton, J. A. W. Souter, T. S. Grayson and Wade Kitchens. ————————

Two notes were executed by appellants to S. D. Chaffin, one for $500 and the other for $1,000, for borrowed money. The judgment appealed from in this suit was based on the $500 note. A suit on the $1,000 note is pending in said court, and the decision on this appeal will settle that case as the issues in the two cases are the same.

An answer was filed to the complaint of appellee by appellants admitting the execution of the note, but denying liability thereon under and by virtue of the mutual subscription for stock in the reorganized corporation by appellants, S. D. Chaffin and other stockholders, which appellants say amounted to a payment of the note and which they are entitled to offset stock issued in the reorganized corporation equal to the amount due on the note.

The defense interposed to a recovery on said note is set forth in the amended answer in the following language:

"Third. That June 6, 1934, at a regular meeting of the directors of Columbia Cotton Oil Company a resolution was presented and passed authorizing president and secretary to prepare a resolution for reorganization of Columbia Cotton Oil Company and submit same to a called meeting of the directors; a copy of the minutes of said meeting being hereto attached, marked exhibit 'A' and made a part hereof; that June 13, 1934, in pursuance of the call of president of Columbia Cotton Oil Company, a special meeting of directors of Columbia Cotton Oil Company was held, and resolution presented to submit an amendment to charter of Columbia Cotton Oil Company to stockholders, to be held August 15, 1934; a copy of said resolution, amendment and proceedings had

on that date being hereto attached, marked exhibit 'B' and made a part hereof.

"Fourth. That July 2, 1934, there was held a regular annual stockholders meeting of Columbia Cotton Oil Company, and at said meeting a resolution was offered, recommended and adopted indorsing and approving an amendment to articles of incorporation of Columbia Cotton Oil Company so that the capital stock of the company should consist of 9,500 shares no par value common stock and 1,500 shares six per cent. preferred, cumulative stock of par value of $100 per share, dividends on said preferred stock to be paid annually, and stockholders of record on 15th day of August, 1934, to receive common stock of no par value in amounts equal to number of shares held; a copy of said proceedings is hereto attached, marked exhibit 'C' and made a part hereof.

"Fifth. That August 15, 1934, in pursuance of notice duly given to stockholders of Columbia Cotton Oil Company, the stockholders of said company met and a resolution providing for an amendment to articles of incorporation was unanimously adopted; a copy of the proceedings of said stockholders' meeting is hereto attached, marked exhibit 'D' and made a part hereof.

"Sixth. That during year 1934 and thereafter, Columbia Cotton Oil Company was quite heavily indebted and particularly to numerous of its directors and stockholders; that this condition was due to the depression beginning in 1929 and drouth of 1930, and restriction of growing of cotton thereafter, and directors of said Columbia Cotton Oil Company, including said S. D. Chaffin, were indorsers on many thousands of dollars paper due by Columbia Cotton Oil Company; that it was to the interest of the stockholders of said company to reorganize said company, and give its stock, as referred to in the foregoing amendment to articles of incorporation, in payment of the indebtedness due by said company to its various stockholders, including said S. D. Chaffin; that said stockholders mutually agreed on this plan, and to that end agreed to accept preferred stock together with common stock in an amount equal to the indebtedness due each of said stockholders; that said S. D. Chaffin was a

stockholder and creditor of said Columbia Cotton Oil Company in the same manner as other directors, stockholders or creditors; that S. D. Chaffin, as an inducement to other creditor stockholders, agreed to subscribe for an amount of stock, preferred and no par value common stock, such as might be authorized by an amendment to charter of said company.

. "Seventh. That said S. D. Chaffin was a creditor of Columbia Cotton Oil Company in principal sum of $1,500, as evidenced by two notes, and subscribed for said stock in pursuance of said mutual agreement in amount equal to the indebtedness due by said Columbia Cotton Oil Company to him, said S. D. Chaffin; that said S. D. Chaffin, as a director, had indorsed the notes of all the other stockholder creditors to the extent of more than $75,000, and it was to the interest of said S. D. Chaffin to be relieved from said indorsements to his co-stockholder creditors, and along with said co-creditor stockholders, in writing, subscribed for seventeen shares of $1,700 worth of said preferred and no par value common stock of Columbia Cotton Oil Company in settlement of the indebtedness due to him; that in pursuance of the mutual agreement and said stock subscription, which was duly signed by all other stockholder creditors, the articles of incorporation were amended, and preferred and no par value common stock were issued, but, at the time of issuance, said S. D. Chaffin had deceased; that Columbia Cotton Oil Company issued $1,700 of its preferred, cumulative, six per cent. stock together with seventeen shares of no par value common stock as soon as same could be issued, and same were tendered to plaintiff as administrator of estate of said S. D. Chaffin, deceased, but he refused and now refuses to accept same, and defendant, Columbia Cotton Oil Company, holds same subject to his orders.

"Eighth. That the subscription, issuance and tendering of said stock, as per mutual agreement had between co-creditor stockholders, directors, settled all the indebtedness due to said S. D. Chaffin, and nothing is due his estate; a copy of the stock subscription signed by said S. D. Chaffin and the creditor stockholders of Columbia Cotton Oil Company is hereto attached, marked exhibit

'E' and made a part hereof; that all the other co-creditor stockholders complied with their subscription agreement and accepted the stock as subscribed for in settlement of the debts due by the company to each of them, and said subscription by S. D. Chaffin and issuance of said stock was a complete satisfaction of the indebtedness due him.

"Ninth. That Columbia Cotton Oil Company renews and continues its tender of said stock to plaintiff.

"Tenth. That said S. D. Chaffin, a director and stockholder of Columbia Cotton Oil Company, along with other directors of said company, was indorser of more than $100,000 of notes of said company, which notes said company could not pay and which notes and other obligations the assets of said company were insufficient to pay; that said S. D. Chaffin, as one of the directors, participated in the above plan of settlement of debts due stockholders and directors by the company by subscription for new stock to be issued by the company; that his co-stockholder creditors and co-director creditors of said company were induced by the acts aforesaid of said S. D. Chaffin to subscribe for stock, as he did, in settlement of the respective notes to them due by said company; that, as aforesaid, his co-stockholders and co-directors carried out their subscription agreement for settlement of the notes due them, and accepted the stock as soon as issued, and thereby relieved said S. D. Chaffin and his estate as an indorser of their notes; that his co-stockholders and co-directors of the company, in good faith, relied upon his subscription of stock to relieve them on his notes herein sued upon; that in doing so they made sacrifices for the benefit of said S. D. Chaffin as such indorser and for the company in which he was a director and stockholder; that defendants acted in good faith; that S. D. Chaffin was solvent, and if he had not favored plan of settlement of what was due him by the company, he would have been held liable for all the company's notes; that by his acts as a director and promoting the plan by subscribing for the stock and inducing the other co-director and co-stockholder creditors to make sacrifices, he procured his release from liability to his co-director and co-stockholder creditors, and by this suit his estate now seeks an advan-

tage by trying to hold his associates liable to him and his estate; that his acts, if the company be held liable and if his co-directors be held liable on the note sued upon, will result in injury to his company and an unfair advantage of his associates; that the stock plan aforesaid would not have been entered into without subscription for stock by all co-director and co-stockholder creditors; that his company was put to considerable and great expense in reorganizing, amending its charter and issuing the new stock subscribed for; that the stock subscribed for was procured for S. D. Chaffin and his estate, and issued as soon as was reasonably practical; that, as above stated, the other subscribers for stock accepted their stock as soon as it could be issued and surrendered their notes; that the co-directors of said S. D. Chaffin and his company relied upon his subscription for stock and his acts aforesaid, made the sacrifices aforesaid, and S. D. Chaffin was, and plaintiff is and should be estopped to take undue advantage of his acts, of his associates and his company to the disadvantage of his co-directors for all were acting mutually together to try and save the company and said S. D. Chaffin from bankruptcy, and these defendants plead estoppel.

"Eleventh. That due to drouth, the depression and curtailment of cotton acreage, neither said company nor its directors, including said S. D. Chaffin, indorsers of more than $100,000 of the notes of said company, and without regard to other indebtedness of said company aggregating more than the assets of said company, were able financially to pay said notes at the time or at any other time; that without some mutual and satisfactory agreement and plan to care for those debts, the company and its directors, including said S. D. Chaffin, would have been financially ruined as well as the stockholders; that, as stated, the company at the time owed other large indebtedness on the open market which it was unable to pay.

"Twelfth. That in addition to the plea of estoppel, these defendants plead that plan and settlement of said notes indorsed by all of the directors and by said S. D. Chaffin, in part originated and participated in by said

S. D. Chaffin, was a mutual satisfaction and compromise for valuable consideration of indebtedness due each of the directors and various creditor stockholders by the directors and the company, and should be sustained. Therefore, these defendants plead that the acts aforesaid of said S. D. Chaffin constitute a compromise and settlement of notes herein sued upon.''

Exhibits "A," "B," "C," "D," and "E" to the amended answer are the proceedings had and done by the directors and stockholders in the reorganization of the corporation. Exhibit "E" to the amended answer was the original subscription to the new stock by a large number of the directors and stockholders in the corporation as it existed before the reorganization and is in the following words:

"Stock Subscription

"We, the undersigned, hereby subscribe to amounts set opposite our names, of the preferred, cumulative, 6 per cent. stock of the Columbia Cotton Oil Company, if and when it is authorized by the stockholders of the corporation, with the understanding that one share of no par value common stock of the corporation shall be given with each share of preferred stock of a par value of one hundred ($100) dollars.''

This stock subscription was signed by a large number of directors and stockholders subscribing for a certain number of shares in the reorganized corporation and the name of S. D. Chaffin signed thereto showed that he subscribed for seventeen shares in said reorganized corporation.

A demurrer was filed to the amended answer by appellee on the ground that the facts stated therein were not sufficient in law to constitute a defense against the same.

This demurrer was sustained by the court and, appellants refusing to plead further, judgment was rendered against appellants on the note, from which an appeal was duly prosecuted to this court.

The question arising on this appeal is whether S. D. Chaffin became a stockholder in the reorganized company when he and the other directors and stockholders

subscribed and agreed to take stock in the reorganized corporation in lieu of and in payment of the notes the corporation owed them. We think all the directors and stockholders who signed the stock subscription at the time they signed same became liable thereon when and if same was approved by the stockholders at the annual meeting called for that purpose on the 15th day of August, 1934. The stockholders did approve the plan on that day and their action related back to and became effective on the date the stock subscription was signed, and bound all those who signed same to exchange their shares in the reorganized corporation for the notes they held against the original corporation. The agreement was a mutual subscription for a given object where the promise of others is a good consideration for the promise of each. The effect of this subscription contract was to release all who signed it as indorsers on their notes to the corporation and to take stock in the reorganized corporation in payment thereof. Under the terms of this agreement S. D. Chaffin was released from paying between $75,000 and $100,000 on his indorsements of notes of the original corporation, and it would certainly be a rank piece of injustice to allow his estate to benefit under the contract in said sum and then to permit him to recover from the corporation and his co-directors and co-stockholders who had indorsed the note he held against the corporation. The subscription agreement was not merely an offer to take stock, but it bound him and all his co-directors and co-stockholders to accept stock in the reorganized corporation for the notes they held against said original corporation. It was a binding obligation so far as these directors and stockholders were concerned on their part from the date they signed same and Chaffin's estate is estopped from accepting the benefits under the contract and not assuming the burdens accompanying it. We think this case is ruled in principle by the case of *Agricultural Finance Corp.* v. *Brinkley,* 188 Ark. 951, 68 S. W. 2d 92, which involves the force and effect of a stock subscription agreement. The case of *Blanton* v. *Forrest City,* 138 Ark. 508, 212 S. W. 330, cited by appellee, is not controlling. It did not turn upon the force

and effect of a stock subscription agreement between co-directors and co-stockholders in a corporation. In that case in which the opinion was written by Judge Hart he took occasion to say in the very beginning of the opinion that it was not a case of mutual subscription of a given object where the promise of others is a good consideration for the promise of each. We do not think the Blanton case has any relevancy in the instant case.

Neither do we think that it can be said that the subscription agreement was made on condition that all the stock in the reorganized corporation should be taken as Chaffin and all others were relieved to the extent of any stock subscribed for. It follows that the trial court erred in sustaining the demurrer to the amended answer in the instant case and in rendering judgment on the note involved in favor of appellee.

The judgment is reversed, and the cause is remanded with directions to overrule the demurrer to the amended answer, and for further proceedings not inconsistent with this opinion.